SAMUEL SMITH
248 3rd St., #445
Oakland, CA 94607
Plaintiff *pro se*

MICHAEL J. WRIGHT (SBN: 231789)
**GORDON REES SCULLY MANSUKHANI, LLP**
5 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 255-6986
Facsimile: (949) 474-2060
E-Mail: *mjwright@grsm.com*

Attorneys for Defendant
CREDIT CONTROL SERVICES, INC.,
D/B/A CREDIT COLLECTION SERVICES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAMUEL SMITH,<br>       Plaintiff,<br><br>       v.<br><br>CREDIT COLLECTION SERVICE,<br>EQUIFAX, TRANSUNION, EXPERIAN,<br><br>       Defendants. | Case Number: 3:22-cv-00782-JD<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated August 25, 2014, and Civil Local Rule 16-9.

**1.  Jurisdiction & Service**

This Court has jurisdiction over the Plaintiff's Fair Credit Reporting Act claim pursuant to 28 USC §1331 and 15 U.S.C. § 1681 et seq.  In addition, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Venue is properly placed in this District, as the Plaintiff resides in Alameda County, California.  Defendants have been served in this action, and there are no remaining parties to be served.

## 2. Facts

Plaintiff alleges that he had an auto insurance policy with non-party Liberty Mutual Insurance Company, which was cancelled in December 2019 due to non-payment. Plaintiff claims that Defendant Credit Control Service, Inc., d/b/a Credit Collection Service, improperly named as Credit Collection Service ("CCS"), purchased two debts from Liberty Mutual Insurance Company that CCS claims Plaintiff owes. Plaintiff disputes this, asserting that instead of accruing a debt, Liberty Mutual terminated the policy such that no balance accrued. Plaintiff claims there is no contract providing for insurance for him from Liberty Mutual beyond March 2020 and that Liberty Mutual did not extend credit to him.

Plaintiff asserts that CCS is a debt buyer, rather than a debt collector, and that CCS purchased his debt from Liberty Mutual despite the fact that the debt does not exist. CCS reported this debt to Equifax, TransUnion and Experian, but since the debt was not owed, this information was false. Plaintiff asks that the Court make CCS stop reporting the "false inquiry of a debt" that he does not owe and pay $1,000 for each alleged offence. Plaintiff claims that this reporting damaged his credit score, causing him to be denied credit. Plaintiff asserts that CCS is paid for reporting information to the consumer reporting agencies.

CCS denies that it purchased Plaintiff's debts, rather, Liberty Mutual placed two accounts with CCS for collection in the amount of $2,661.54 for auto insurance and $88.85 for renter's insurance. CCS possesses and produced letters from Liberty Mutual confirming that according to Liberty Mutual's records, Plaintiff does owe the debts. CCS denies violating any law in connection with its efforts to collect Plaintiff's debts.

## 3. Legal Issues

Plaintiff contends that Defendant violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., the California Business Practices law, Cal. Prof. Code 17200, Cal. Prof. Code 17500 by attempting to collect and reporting debts that Plaintiff claims do not exist.

CCS denies that it violated any law. Liberty Mutual has provided evidence that Plaintiff's debts were due and owing, which supports CCS' claim that it did not violate the FCRA. Further, Plaintiff makes no allegation that he disputed the debts with the consumer reporting agencies, such

that Plaintiff cannot state a claim against CCS under the FCRA (as the only private cause of action that Plaintiff could assert under the FCRA is that he disputed the debts with the consumer reporting agencies, who notified CCS of the dispute, and that CCS failed to conduct a reasonable investigation into those disputes under 15 U.S.C. § 1681s-2(b). Plaintiff fails to detail his other claims to allow CCS to evaluate any alleged violation thereof.

Defendants Equifax, TransUnion and Experian have already been dismissed from this action.

**4.     Motions**

No motions have been filed or are presently pending.

**5.     Amendment of Pleadings**

No amendments are anticipated at this time.  The parties propose that the Plaintiff shall have until June 10, 2022, to amend the Complaint.

**6.     Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines").  The parties further confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.

**7.     Disclosures**

CCS served its initial disclosures on April 4, 2022. Plaintiff has yet to issue his initial disclosures.

**8.     Discovery**

Plaintiff will need to take discovery into the Defendant's collection practices and procedures (including credit reporting procedures) for liability purposes.

CCS will need to take discovery into whether Plaintiff's debts were incurred primarily for personal, family, or household purposes, the termination of Plaintiff's Liberty Mutual insurance policies, Plaintiff's payment history as to those policies, Plaintiff's alleged damages arising from the acts or omissions of CCS including its credit reporting activities and any other damages

Plaintiff alleges he incurred.

The parties have not taken any discovery to date. The parties do not seek any limitations or modifications of the discovery rules. The parties have not yet encountered any discovery disputes.

Discovery may encompass electronically stored information and, unless it would be disproportionate to the needs of the case or unduly burdensome, the parties will produce ESI in PDF format. Where issues arise concerning ESI in the possession or control of a party or the format of production, the Parties shall confer regarding manner and form of production.

**9.   Class Actions**

This case is not a class action.

**10.   Related Cases**

None.

**11.   Relief**

Plaintiff seeks damages in the amount of $1,000.00 statutory damages for "each offense" and removal of the information that CCS reported regarding his alleged debts to Liberty Mutual to the consumer reporting agencies.

CCS seeks recovery of reasonable attorney's fees and costs incurred in defending this case.

**12.   Settlement and ADR**

The parties have not engaged in ADR to date. The parties propose to utilize ADR Option 3 (Settlement Conference with a Magistrate Judge). The parties submit that a Settlement Conference will be most productive after the parties have been permitted to take some basic discovery.

**13.   Consent to Magistrate Judge For All Purposes**

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   ____ YES   __X__ NO

**14.   Other References**

Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.   ____ YES   __X__ NO

**15. Narrowing of Issues**

   CCS may move for judgment on the pleadings as to all claims asserted.

**16. Expedited Trial Procedure**

   Not applicable.

**17. Scheduling**

The parties propose the following discovery plan:

a. Date For The Exchange Of Rule 26 Initial Disclosures: May 25, 2022.

b. Trial: July 2023

c. Lay Witness Discovery Cut-off Date: 90 days before trial

d. Date For Plaintiff's Expert Disclosures: 100 days before trial

e. Rebuttal Expert Disclosure: 70 days before trial

f. Cut-Off Expert Discovery Date: 50 days before trial

g. Last Day to Hear Dispositive Motions: 60 days before trial

h. Deadline to hear all pre-trial pleadings/motions: 30 days before trial.

i. Proposed Changes To Discovery Limits: None.

j. Whether A Protective Order Is Anticipated As Necessary: Yes.

**18. Trial**

   Plaintiff requests a jury trial. The parties estimate trial would take two days.

**19. Disclosure of Non-party Interested Entities or Persons**

   The parties certify that as of this date, other than the named parties, there is no such interest to report. CCS has filed a Certificate of Interested Parties.

**20. Professional Conduct**

   All attorneys of record for CCS have reviewed the Guidelines for Professional Conduct for the Northern District of California.

///

///

///

///

**21.   Other**

Defendant anticipates the need for a Confidentiality Order to protect its confidential and proprietary information.

Dated:  May 16, 2022                         */s/ Samuel Smith*
                                             Plaintiff *pro se*


Dated:  May 16, 2022                         GORDON REES SCULLY
                                             MANSUKHANI, LLP

                                       By:   */s/ Michael J. Wright*
                                             Michael J. Wright
                                             *Attorneys for Defendant Credit Control Services, Inc.*


## SIGNATURE CERTIFICATION

I, Michael J. Wright, hereby attest pursuant to Civil Local Rule 5-1(h)(3), that all signatories listed, and on whose behalf this filing is submitted, concur in the contents of this filing and have authorized the filing.  pp

Executed this 17th day of May, 2022 at Irvine, California.

                                             */s/ Michael J. Wright*
                                             Michael J. Wright

## **CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated:

                  THE HONORABLE JAMES DONATO
                  United States District Judge